**UNITED STATES of America,
Appellee,**

v.

**Joseph Wayne SIMPSON, also known
as Karl Lea, and Richard S. Markey,
Defendants–Appellants.**

**No. 01–1221(L), 01–1236(CON).**

United States Court of Appeals,
Second Circuit.

July 7, 2003.

James G. Genco, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief), for John A. Danaher III, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Gerald E. Bodell, Westport, CT, Appearing as Standby Counsel for pro se Defendant—Appellant Simpson.

Jane Simkin Smith, Millbrook, NY, for Defendant—Appellant Markey.

Present: MCLAUGHLIN, LEVAL, and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Connecticut (Thompson, *J.*), it is hereby

ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants Joseph Wayne Simpson, also known as Karl Lea, and Richard S. Markey appeal from the judgments entered in the United States District Court for the District of Connecticut (Thompson, *J.*) convicting each defendant of one count of conspiracy to commit mail fraud and sixteen substantive counts of mail fraud in violation of 18 U.S.C. §§ 371, 1341, and convicting defendant Markey of one count

of wire fraud in violation of 18 U.S.C. § 1343. These charges related to their involvement in a telemarketing fraud in connection with Markey's business, Marquis International Holdings ("Marquis"). The scheme essentially was a pyramid scheme that promised astronomical returns based on trades to be conducted by Marquis. Defendants allegedly reassured investors that the returns were guaranteed by contract and that their original principal never left the bank. Many investors between May 1999 and Markey's arrest in late July 1999 mailed 4.8 million dollars to a private postal box rented by Markey.

On appeal, defendant Markey asserts that the District Court (1) abused its discretion in admitting his attorney, Scott Warren's, testimony concerning privileged attorney-client communications; (2) abused its discretion in denying his motion to sever his trial from that of co-defendant Simpson; and (3) erred in denying his motion to suppress the fruits of the government's search and seizure of his computer. Defendant Simpson, in turn, asserts that (1) the evidence was insufficient to support his mail fraud conviction; (2) the evidence was insufficient to support his conspiracy conviction; (3) he was deprived of a fair trial because he did not competently waive his right to counsel; (4) the District Court erred in upwardly adjusting his sentence for obstruction of justice; (5) the District Court erred in applying a three-level upward adjustment based on his role in the offense; (6) the District Court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it enhanced his sentence based on a loss of 4.8 million dollars; (7) he was prejudiced by a joint trial with his co-defendant Markey; and (8) privileged communications between Simpson and his attorney, Scott Warren, were improperly admitted at trial.

"A district court's finding that a defendant has waived the attorney-client privilege is reviewed under the abuse of discretion standard." *United States v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991). We find no error in the District Court's conclusion that the defendants had waived the attorney-client privilege. Defendant Simpson waived the attorney-client privilege when he called Warren to testify about the privileged communications at Simpson's supervised release hearing in Florida. Moreover, the evidence showed that the defendants repeatedly assured customers that their attorneys had reviewed their operation and had found it to be in compliance with law. By making those representations, the defendants waived the right to claim privilege with respect to the advice in fact given to them regarding the legality of the investment scheme. *See United States v. Jacobs*, 117 F.3d 82, 90–91 (2d Cir.1997) (holding that a defendant's statement to a potential customer that his attorney had advised him of the legality of selling an illegal computer program waived the attorney-client privilege with respect to the advice he had actually received).

We have considered fully the remaining arguments raised by defendants Markey and Simpson and find no error in the District Court's decisions. Accordingly, the judgment of the District Court is AFFIRMED.